UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANTHONY VILLARREAL,

    Petitioner,                           Case No. 2:17-CV-13546

v.                                    UNITED STATES DISTRICT COURT JUDGE
                                            GERSHWIN A. DRAIN

JOE BARRETT,

    Respondent,
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

### I.    INTRODUCTION

David Anthony Villarreal ("Petitioner") filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. ECF No. 1. At the time he instituted this action, Petitioner was incarcerated at the Cooper Correctional Facility in Jackson, Michigan after having his parole revoked on his criminal sexual conduct convictions. In his petition, Petitioner alleges that the Michigan Parole Board denied him due process and committed other errors when they revoked his parole. Respondent has filed an answer to the petition. ECF No. 10. Petitioner was re-paroled in April 2018. ECF No. 15, PageID.1319–21. Petitioner was discharged from his sentence on April 10, 2020 by the Michigan Department of Corrections for

1

having completed his sentence.[1]  For the reasons set forth below, the Court will **DENY** the petition for writ of habeas corpus as moot.

## II.    LAW AND ANALYSIS

Section 2 of Article III of the U.S. Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  A petitioner must therefore "have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision" throughout the litigation.  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  An incarcerated habeas petitioner's challenge to the validity of his or her conviction satisfies the case-or-controversy requirement because the incarceration constitutes a concrete injury which can be redressed by the invalidation of the conviction.  *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  Once the incarcerated individual's sentence has expired, however, some concrete and continuing injury, other than the now-ended incarceration or parole must exist if the suit is to be maintained in federal court.  *Id.*  Stated differently, some "collateral consequence" of the conviction must exist in order for the suit to not be rendered moot.  *Id.*

---

[1] The Court obtained this information from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=231778, which this Court is permitted to take judicial notice of.  *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004).

When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner fails to present a justiciable case or controversy within the meaning of Article III of the Constitution. *See Ayers v. Doth,* 58 F. Supp. 2d 1028, 1034 (D. Minn. 1999). "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F. 2d 1286, 1289 (6th Cir. 1986). Because it strikes at the heart of federal court jurisdiction, the mootness of a habeas petition can be raised *sua sponte* by the federal court, even if the issue is not addressed by the parties. *See Brock v. U.S. Dep't of Justice,* 256 F. App'x 748, 750 (6th Cir. 2007).

Petitioner's parole revocation claims were mooted by his release back onto parole. *See Witzke v. Brewer*, 849 F.3d 338, 341 (6th Cir. 2017). More importantly, Petitioner's discharge from custody on April 10, 2020 has also mooted any parole revocation claims. Further, Petitioner has not shown that he suffers continuing collateral consequences flowing from the discharged sentence. Absent such a showing, Petitioner's claims regarding the revocation of his parole are rendered moot by the completion of the imprisonment term and his discharge from custody. *See Spencer,* 523 U.S. at 7–14; *Prowell v. Hemingway*, 37 F. App'x 768, 769–70 (6th Cir. 2002) (federal prisoner's § 2241 petition for writ of habeas corpus, which challenged his parole revocation, was rendered moot by petitioner's release upon

completion of his sentence, absent a showing of actual collateral consequences). Because Petitioner's sentence has been completed and he has been discharged from custody, any injury that petitioner suffered cannot be redressed by a favorable judicial decision from this Court. As such, the petition is subject to dismissal.

Accordingly, the Court dismisses Petitioner's petition as moot.

Title 28 U.S.C. § 2253 governs appeals in § 2254 proceedings. Section 2253(c)(2) states, in pertinent part: "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Furthermore, Federal Rule of Appellate Procedure 22(b) states: "[i]f an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of appealability or state the reasons why such a certificate should not issue." Fed. R. App. P. 22(b); *see also Kincade v. Sparkman*, 117 F. 3d 949, 953 (6th Cir. 1997). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *see also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

The Court finds that Petitioner is not entitled to a certificate of appealability because his request for habeas relief is now moot. *See McKinney-Bey v. Hawk-Sawyer,* 69 F. App'x 113 (4th Cir. 2003). The Court will also deny Petitioner leave

to appeal *in forma pauperis* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### III. ORDER AND CONCLUSION

Based on the forgoing, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that leave to appeal *in forma pauperis* is **DENIED**.

**SO ORDERED**.

Dated: July 6, 2020

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 6, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk